IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TOMMY LEEDS,

    Plaintiff,

v.                                                                                                                                No. 24-cv-0368-KWR-KRS

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF BERNALILLO,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on Defendant Board of County Commissioners' Motion to Dismiss (Doc. 4) (Motion). Defendant seeks dismissal of Plaintiff's Prisoner Civil Complaint (Doc. 1-1, supplemented by Doc. 1-2) (Complaint) on the ground that it fails to state a cognizable claim. Having reviewed the relevant law and arguments, the Court will grant the Motion, in part, but grant leave to amend.

**BACKGROUND**

    This case stems from Plaintiff's conditions of confinement at the Metropolitan Detention Center (MDC) in Albuquerque, New Mexico. Plaintiff was detained at MDC when he filed the Complaint and is proceeding *pro se*. *See* Doc. 1-1 at 1. The Complaint alleges that in February of 2024, MDC officials announced that all cell doors will be locked when inmates are in the dayroom. During these periods, the inmates could not access the restrooms in their cells. The cell doors remained locked for at least one hour, but it is not entirely clear whether Plaintiff lacked restroom access beyond that duration. *See* Doc. 1-1 at 1 (alleging a captain stated the dayroom

doors would remain "locked until [a] pod officer does [an] hourly walk-through"). The Complaint alleges the American Corrections Association (ACA) standard requires that inmates have 24-hour access to a restroom. *Id.*

In a supplemental filing, Plaintiff also alleges cyberhackers attacked MDC's databases. *See* Doc. 1-2 at 7. The cyber-attack allegedly created "dangerous conditions" by compromising electronic security functions and cameras. *Id.* Plaintiff believes "it is very likely that the facility is still under the control of hackers." *Id.*

Based on these facts, the Complaint raises 42 U.S.C. § 1983 claims for due process violations, equal protection violations, and cruel and unusual punishment. *See* Doc. 1-1. The supplemental filing may also raise state law claims under the New Mexico Tort Claims Act, (NMTCA) N.M.S.A. § 41-4-1 *et seq*. Plaintiff names one Defendant (the Board of County Commissioners for Bernalillo County) and seeks unspecified money damages. Plaintiff originally filed the Complaint in New Mexico's Second Judicial District Court. Defendant removed the case based on federal-question jurisdiction and filed an answer along with the instant Motion under Fed. R. Civ. P. 12(b)(6). *See* Docs. 3, 4. Defendant mailed a copy of the Motion to Plaintiff at MDC, *see* Doc. 4 at 6, but Plaintiff did not respond. The matter ready for review.

## STANDARD OF REVIEW

Where, as here, a defendant files a motion to dismiss after submitting an answer, the matter must be construed as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). *See Borde v. Bd. of Cty. Comm'rs of Luna Cty., N.M.*, 514 Fed. App'x 795, 799 n.5 (10th Cir. 2013) ("If the defendant makes the motion after filing the answer, the motion should generally be treated as a motion for judgment on the pleadings."). Such construction has no practical consequences, as the Rule 12(b)(6) standard applies to all motions under Rule 12(c). *See Atl. Richfield Co. v.*

*Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).

Under Rule 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). When considering a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *See Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

3

**DISCUSSION**

Plaintiff raises claims under the federal constitution, which are analyzed under 42 U.S.C. § 1983. *See Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each defendant, through the defendant's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

The only named Defendant here is the Board of County Commissioners for Bernalillo County. Plaintiff alleges the Board is vicariously liable for the actions of MDC employees. *See* Doc. 1-2 at 6. As Defendant correctly points out, local governmental entities may not be held liable under § 1983 for the actions of its employees based on the doctrine of *respondeat superior*. *See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). To establish liability of local-government entities under § 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996). The Complaint does not demonstrate the alleged wrongdoing is traceable to any county policy/custom. To the extent the body of the Complaint references individual MDC employees, it is not clear Plaintiff intends to name those parties as defendants. The Complaint therefore fails to state a cognizable § 1983 claim.

Alternatively, even if Plaintiff tied Defendant to the alleged wrongdoing, the facts are too conclusory to demonstrate an Eighth Amendment violation. The Eighth Amendment "imposes a

duty on prison officials to provide humane conditions of confinement." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). To demonstrate a defendant was deliberately indifferent to health/safety under the Eighth Amendment, the plaintiff must satisfy "both an objective and a subjective component." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). Prison conditions are objectively serious when they threaten the inmate's safety or "lead to deprivations of essential food, medical care, ... [or] sanitation." *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981). The subject component of the deliberate indifference test requires a showing that each defendant "knew [plaintiff] faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Kikumura v. Osagie*, 461 F.3d 1269, 1293 (10th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

The Complaint primarily alleges Plaintiff lacked access to the restroom for at least one hour, which does not meet the objective prong of the deliberate indifferent test. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1188 (10th Cir. 2003) (denial of restroom access for five hours is not a "sufficiently serious" deprivation under the Eighth Amendment); *cf DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) ("The length of exposure to the conditions is often of prime importance"). Plaintiff's references to "dangerous conditions" and a cyberattack are also insufficient to demonstrate he faced any specific harm. As to the subjective prong of the deliberate indifferent test, the alleged facts fail to show any Defendant was aware of a serious risk of harm. The Complaint therefore fails to state a cognizable claim under the Eighth Amendment. To the extent the Complaint uses threadbare labels such as due process or equal protection violations, there are no factual allegations to support such claims.

For these reasons, the Court will grant Defendant's Motion, in part, but grant leave to amend. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (plaintiffs are ordinarily given

5

an opportunity to remedy defects attributable to their ignorance of federal law).  Plaintiff may file an amended complaint within thirty (30) days of entry of this ruling.  The amended complaint will supersede the original and must include all claims (state and federal) that Plaintiff wishes to raise.  The Court will defer ruling on whether to exercise supplemental jurisdiction over any state law claims until after reviewing the amended complaint.  If Plaintiff fails to timely comply or files another complaint that fails to state a cognizable § 1983 claim, the Court may dismiss all federal claims with prejudice and dismiss any state law claims without prejudice.

**IT IS ORDERED** that Defendant Board of County Commissioners' Motion to Dismiss (**Doc. 4**) is **GRANTED, in part**, as set forth above; and all federal claims in Plaintiff's Prisoner Civil Complaint (**Doc. 1-1, supplemented by Doc. 1-2**) are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint as set forth above within thirty (30) days of entry of this Order.

**SO ORDERED**.

_____/S/_____
HON. KEA RIGGS
UNITED STATES DISTRICT JUDGE