IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TOMMY LEEDS,

    Plaintiff,

v.                                                                                                  No. 24-cv-0368-KWR-KRS

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF BERNALILLO,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court following Plaintiff Tommy Leeds' failure to amend his prisoner civil rights claims as directed. Plaintiff was incarcerated when this case was filed and is proceeding *pro se.* The original Complaint (Doc. 1-1) alleges inmates at the Metropolitan Detention Center (MDC) lacked access to the restroom while locked in the dayroom and that such periods lasted for at least one hour. Plaintiff also alleges cyber-hackers created dangerous conditions by compromising MDC's electronic security functions and cameras. The original Complaint raises 42 U.S.C. § 1983 claims for cruel and unusual punishment, due process violations, and equal protection violations. *See* Doc. 1-1. A supplemental filing may also raise state law claims under the New Mexico Tort Claims Act, (NMTCA) N.M.S.A. § 41-4-1 *et seq*. *See* Doc. 1-2 at 5. The original Complaint names one Defendant: the Board of County Commissioners for Bernalillo County (the Board). *See* Doc. 1-1.

    The Board filed a Motion to Dismiss the original Complaint for failure to state a cognizable claim under Fed. R. Civ. P. 12(b)(6). *See* Doc. 4. By a ruling entered February 13, 2025, the Court granted the Board's Motion, in part, and determined original Complaint fails to state a cognizable

42 U.S.C. § 1983 claim.  *See* Doc. 6 (Screening Ruling); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of prisoner claims against government officials).  The original Complaint fails to demonstrate that the Board is responsible for a policy/custom that caused a constitutional violation.  *See Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (A § 1983 claim against the county board must "show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged").  The Screening Ruling also explains that the facts are too conclusory to demonstrate a violation of the U.S. Constitution.  *See* Doc. 6 (setting out the legal standard for Eighth Amendment claims and noting there are no factual allegations supporting the claims for due process or equal protection violations).  The Court dismissed the federal claims pursuant to 28 U.S.C. § 1915A and Rule 12(b)(6).

Consistent with *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court dismissed the federal claims pursuant to 28 U.S.C. § 1915A and Rule 12(b)(6) but *sua sponte* invited Plaintiff to amend his claims within thirty (30) days of entry of the Screening Ruling.  The Court deferred ruling on whether to exercise supplemental jurisdiction over any state law claims until after reviewing the amended complaint.  *See Brooks v. Gaenzle*, 614 F.3d 1213, 1229–30 (10th Cir. 2010) (federal courts should generally decline to exercise supplemental jurisdiction over a state-law claim if no viable federal claims remain).  The Screening Ruling warns that any amended complaint will supersede the original and must include all claims (state and federal) that Plaintiff wishes to raise.  The Screening Ruling also warns that if Plaintiff fails to timely amend, the Court may dismiss all federal claims under 28 U.S.C. § 1915A and Rule 12(b)(6) and dismiss any state law claims without prejudice.

The deadline to amend expired no later than March 17, 2025.  Plaintiff did not comply,

show cause for such failure, or otherwise respond to the Screening Ruling, which was returned was undeliverable following his release from MDC. *See* Doc. 7. Plaintiff has not notified the Clerk of his current address, as required by D.N.M. Local Civil Rule 83.6.

Ordinarily, courts dismiss with prejudice where the prior complaint does not state a federal claim, and the plaintiff fails to cure the pleading deficiency. *See, e.g., Novotny v. OSL Retail Servs. Corp.*, 2023 WL 3914017, at *1 (10th Cir. June 9, 2023) (affirming dismissal with prejudice where the district court rejected a "claim but gave [plaintiff] leave to amend, cautioning that failure to allege a plausible claim would result in a dismissal"). In this case, however, it appears Plaintiff did not receive the Screening Ruling after severing contact with the Court. The Court will therefore dismiss this entire case without prejudice. All federal claims raised in the original Complaint (Doc. 1-1, supplemented by Doc. 1-2) will be dismissed for failure to state a cognizable claim under 28 U.S.C. § 1915A and Rule 12(b)(6). The Court declines to exercise supplemental jurisdiction over state law claims in the original Complaint, if any, and will dismiss those claims without prejudice.

**IT IS ORDERED** that this case, including each claim in Plaintiff Tommy Leeds' original Prisoner Civil Complaint (**Doc. 1-1, supplemented by Doc. 1-2**), is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

**SO ORDERED**.

_____/S/_____
HON. KEA RIGGS
UNITED STATES DISTRICT JUDGE